**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRANDON CHE LEE, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| HOLLEY, Prison Staff, et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:17-CV-3896-ODE-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Brandon Che Lee, Federal Bureau of Prisons identification number 45296-112, confined in the United States Penitentiary in Atlanta, Georgia, has submitted a complaint – along with four later filed complaints which have been consolidated into this action by separate order.[1] The Clerk of Court is **DIRECTED** to adjust the docket to show that this is a civil rights action under 28 U.S.C. § 1331 as Plaintiff is a federal prisoner. The matter is before the Court on Plaintiff's complaint, (Compl., ECF No. 1), and consolidated supplemental complaints, (Suppl. Compls. 3932, 4074, 4148, and 4320, ECF Nos. 2-5), in which Plaintiff complains about matters related to his confinement.

---

[1]The four later filed complaints originally were docketed as civil action numbers 1:17-cv-3932, 1:17-cv-4074, 1:17-cv-4148, and 1:17-cv-4320.

Plaintiff currently is serving a 240-month term of imprisonment based on his convictions for mail fraud and identification-document crimes. United States v. Lee, No. 8:07-cr-0207-AG-1 (C.D. Cal. June 3, 2010). Plaintiff is a prolific filer who generally complains about matters such as electronic shocks while his blood pressure is being taken, difficulty contacting family members and the effect that his conviction has had on his relationship with his family members, the provision of poisonous food items from various sources and at numerous times, and fellow prisoners fumbling their penises in numerous locations and at virtually all times of the day. See generally Final R. & R., Lee v. Warden, No. 1:16-cv-4401-ODE (N.D. Ga. Feb. 7, 2017); Final R. & R., Lee v. Warden, No. 1:16-cv-4009-ODE (N.D. Ga. Dec. 30, 2016); Final R. & R., Lee v. Jeong, No. 1:16-cv-3935-ODE (N.D. Ga. Dec. 19, 2016); Final R. & R., Lee v. Unnamed Defendant, No. 1:16-cv-3279-ODE (N.D. Ga. Nov. 15, 2016).

Plaintiff's current allegations are similar to the allegations that he has made in his numerous prior actions. (See Compl. and Suppl. Compls. 3932, 4074, 4148, and 4320). Plaintiff also periodically asserts that he has been exposed to cigarette smoke.[2]

---

[2]Plaintiff states that he is "always" inhaling smoke since he moved, (Suppl. Compl. 3932 at 5), and elsewhere indicates that his exposure is intermittent and located near a limited number of cells at certain times, (see Compl. at 2-3; Suppl. Compl. 3932 at 5-6; Suppl. Compl. 4074 at 1-3, 5-6; Suppl. Compl. 4148 at 1-5; Suppl. Compl. 4320 at 1-4, 6), states that his throat and lungs are very bad, (Suppl. Compl. 3932 at 5), and

2

(Compl. at 2, 3; Suppl. Compl. 3932 at 5-6; Suppl. Compl. 4074 at 1-3, 5-6; Suppl. Compl. 4148 at 1-5; Suppl. Compl. 4320 at 1-4, 6). Plaintiff further states that a staff member has rubbed his body, generally at a unit door and allegedly in order to sexually harass Plaintiff. (Compl. at 5; Suppl. Compl. 3932 at 1, 6; Suppl. Compl. 4148 at 5).

Section § 1915(g) of Title 28 does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." See Gresham v. Jenkins, No. 2:15-CV-11640, 2015 WL 3403942, at *3-4 (E.D. Mich. May 26, 2015) (finding that sexual abuse allegations – by prisoner who had a history of filing numerous delusional claims – were unsupported and failed to show that the prisoner was in imminent danger); Bozeman v. Miles, No. 2:07-CV-182-MHT, 2007 WL 1034953, at *1 (M.D. Ala. Mar. 30, 2007) (finding that allegations of sexual harassment did not show that the prisoner was under imminent danger of serious physical injury). When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and,

surmises that his health will be ruined, (Compl. at 2).

3

a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. See Order, Lee v. Feather, No. 3:16-cv-1536-HZ (D. Or. Sep. 22, 2016) (listing three district court dismissals); see also Lee v. Maye, Appeal No. 14-3214 (10th Cir. Jan. 7, 2015) (dismissing appeal as frivolous). The Court finds that Plaintiff's pleadings are on the whole frivolous. Further, Plaintiff's allegations of periodic exposure to cigarette smoke and his unexplained allegation that his lungs are very bad do not rise to the level of showing that he is in imminent danger of serious physical injury. See Foster v. Unidentified Party, 34 F. App'x 963, 2002 WL 663757, at *1 (5th Cir. 2002) (rejecting claim that exposure to second-hand smoke presented an imminent danger of serious physical injury); Gibbs v. Santos, No. 4:16-CV-12-DMB-JMV, 2016 WL 4919895, at *3 (N.D. Miss. Sept. 14, 2016) (rejecting claim that exposure to second-hand smoke presented an imminent danger under § 1915(g) to prisoner who was concerned about exposure when he had only one kidney); Johnson v. Mercer, No. 4:13CV321-RH/CAS, 2013 WL 4549052, at *2 (N.D. Fla. Aug. 28, 2013) (finding that danger from unwanted tobacco smoke does not qualify as imminent danger whereas danger from

4

"'internal bleeding, intestinal obstruction, gangrene, and death' due to delayed hernia surgery" would qualify as imminent danger (quoting Jackson v. Jackson, 456 F. App'x 813, 814 n.* (11th Cir. Jan.31, 2012)); Wilson v. Riley, No. 2:07-CV-891-WKW, 2007 WL 3120133, at *1 (M.D. Ala. Oct. 23, 2007) ("While second hand smoke can cause health problems, these potential ailments are not sufficiently imminent to allow Wilson an exception to the frequent filer provision of 28 U.S.C.1915(g).").

**IT IS RECOMMENDED** that Plaintiff be **DENIED** *in forma pauperis* status and that this action, as consolidated, be **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to withdraw the references to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 3rd day of November, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

5